CHARLES N. READ *vs.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO.

20    209
29    163

PROVIDENCE—JULY 19, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The use of a brake-rod having a defect that is not discoverable by the customary modes of inspection (or, in other words, a latent defect) is not negligence.

The pieces of the broken rod having been lost, and the parties being deprived of the evidence they might have afforded:—

*Held*, that a new trial should be granted to enable the plaintiff to show, if he can, that the defect was not latent, or that the inspection was not by reasonable and usual methods.

TRESPASS ON THE CASE for negligence.  Heard on defendant's petition for a new trial.

PER CURIAM.  According to the testimony the defect in the brake-rod, by the breaking of which the plaintiff was injured, consisted of a flaw due to the imperfect welding of the two pieces which composed the rod.  The evidence on the part of the defendant tends to show that the flaw was not discoverable, owing to rust on the rod, by the usual methods of inspection.  There is no evidence on the part of the plaintiff to rebut this, for, though the plaintiff testifies that the defect would have been discernible by the eye if it had been daylight, it is evident that this statement is merely his inference from the fact that the brake-rod was so easily twisted off in

his attempt to set the brake.    If the defect was not discoverable by the customary modes of inspection, or, in other words, was a latent defect, the defendants were not guilty of negligence, and consequently the verdict was against the evidence on this point.

The pieces of the rod were lost by the defendants in the removal of their repair shop, so that they could not be produced at the trial, and the plaintiff as well as the defendants was deprived of the benefit of the evidence which they would have afforded could they have been produced.    We will grant a new trial instead of directing judgment for the defendants, that the plaintiff may, if he can, show that the defect was not a latent defect, or that the methods of inspection employed by the defendants were not the reasonable and usual methods.

Tillinghast, J., dissents.

*D. J. Holland and John M. Brennan*, for plaintiff.

*James M. Ripley, John Henshaw and Henry W. Hayes*, for defendants.